Andrea L. Richard
State Bar No. 5-2848
THE RICHARD LAW FIRM, P.C.
P.O. Box 1245
290 E. Broadway, Suite 904
Jackson, Wyoming 83001
Tel. 307.732.6680
Fax 307.200.4280
andrea@arichardlaw.com
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **ANNA M. WARREN,**<br>**aka SHANNA WARREN,**<br>an individual, | **CIVIL ACTION NO.** |
| Plaintiff, | **COMPLAINT** |
| v. | |
| **CONOCOPHILLIPS,**<br>a Delaware corporation; | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

**COMES NOW**, Plaintiff Shanna Warren, by and through her undersigned counsel, and for her *Complaint* against Defendant Conocophillips, and respectfully states and alleges as follows:

## NATURE OF THE ACTION – OVERVIEW

### Harassment

1.      Plaintiff Shanna Warren starts working for Conocophillips, in June of 2018.

2.      Ms. Warren was a safety lead and conducted herself in accordance with Conoco's policies and directives while working there.

3.      In July of that same year, Rick Mickelson, a co-worker of Ms. Warren's, sexually harasses her.

4.      Ms. Warren reports the sexual harassment to her supervisor, Mr. James Foster, who told her that he would handle the matter and advises her against hiring a lawyer.

5.      On August 3, 2018, Ms. Conocophillips ("Conoco") suspends Ms. Warren while Mr. Foster and Conoco indicate they will be investigating her claim.

6.      Conoco subsequently discharged and denied Ms. Warren reinstatement on or about March 4, 2019.

7.      Conoco later admitted that Ms. Warren should not have been terminated for reporting sexual harassment.

8.      In the end, Conoco terminates Ms. Warren in retaliation for her reports of sexual and hostile work environment.

## FACTS

9.      Ms. Warren is a woman and is protected from discrimination motivated by her sex by Title VII.

10.      Despite this protections, Ms. Warren was discriminated against by Conoco and its representatives and employees because she is a woman.

11.      On July 17, 2018, Ms. Warren was discussing with a coworker how she was pulled over while she was driving to work---this relates to a driving incident, which is described in more detail below—when Mr. Mickelson entered Ms. Warren's office, forcefully removed her coworker from the rom, and proceeded to berate and aggressively intimidate Ms. Warren.

12.     When Ms. Warren demonstrated that she was uncomfortable with his hostile and threatening actions and moved away from him, Mr. Mickelson leaned over her desk and put his finger within an inch of Ms. Warren's face as he yelled at her.

13.     The following day on July 18, 2018, Ms. Warren was informed by a coworker that Mr. Mickelson had been making inappropriate and discriminatory remarks about her to her male coworkers.

14.     These remarks by Mr. Mickelson included him saying that he would get rid of her, that women did belong in the oil and gas industry, and that she belonged in an office under a desk or maybe in the kitchen.

15.     Upon information and belief, Mr. Mickelson had engaged in similar behavior previously and yet Conoco chose not to take action.  Instead, it appears that Conoco's policy is one of enabling and rewarding harassment and/or discrimination.

## Retaliation and Discharge

16.     Ms. Warren reported her supervisor, Mr. Mickelson's actions (attempted assault, threats, and harassment) to James Foster, her immediate supervisor.

17.     Upon receiving her report, Mr. Foster informed Ms. Warren that Conoco would investigate her report and that she should not contact a lawyer.

18.     Ms. Warren was suspended while Conoco conducted their investigation, and though she contacted Conoco's legal department several times, she received no information until March 4, 2019, when she was informed she would not be reinstated, nor would Conoco take any action to stop the harassment or address the hostile work environment.

19.     On or about the same day, Ms. Warren was told by a representative of Conoco's HR Department that she should not have been discharged for reporting sexual harassment.

Nevertheless, despite the statements, Conoco terminated Ms. Warren and denied her reinstatement nonetheless, in retaliation for her report and request for help.

20.     Upon information and belief, Ms. Warren's discharge was retaliatory.  In particular, Ms. Warren was explicitly suspended while her sexual harassment report was supposedly being investigated by Conoco.

21.     Conoco's claim that Ms. Warren was discharged for unsafe driving practices is based on false information.

22.     Further, Conoco's claim that Ms. Warren was discharged for unsafe driving practices is based on a supposed driving incident that occurred in July and Ms. Warren was not suspended until August.

23.     In short, Conoco's claim of unsafe driving practices is based on untrue and unsupported assertions and is an after-the-fact effort to avoid liability for retaliating against Ms. Warren for her report of sexual harassment.

24.     For example, Conoco attempts to cast Mr. Mickelson's attack on Ms. Warren as "information and feedback" which strains credulity.

25.     Likewise, Conoco asserts that Ms. Warren was boastful about receiving a ticket for speeding and using her cell phone while driving.  This is also untrue.

26.     Ms. Warren did not receive a speeding ticket.  Ms. Warren was only going 2 mph over the speed limit.  While it is true that she was pulled over, she did not receive a ticket.

27.     Further, Ms. Warren was not in any way boastful about being pulled over on her way to work.  Instead, she was discussing the incident with a coworker, who told her not to worry about it as everyone at the site had been pulled over by local sheriff's deputies at some

point.  It was at this point that Mr. Mickelson entered the room and verbally harassed and verbally attacked Ms. Warren.

28.     In the end, Conoco decided to retaliate against Ms. Warren for reporting the harassment and hostile work environment.  Conoco disciplined Ms. Warren for reporting and not Mr. Mickelson for engaging in harassment and creating a hostile work environment.

## PARTIES

29.     Plaintiff Shanna Warren is an individual who previously resided in Natrona County, Wyoming, and now resides in Michigan.

30.     Conocophillips Company is a foreign corporation registered to do business in Wyoming, filing ID 1980-000037490.  Conocophillips Company is a Delaware corporation and its principal office is located at 925 North Eldridge Parkway, Houston TX, 77079, and its mailing address is the same.  The Registered Agent is United States Corporation Company, 1821 Logan Ave., Cheyenne, WY 82001.

## ADMINISTRATIVE PROCEDURES

31.     More than thirty (30) days prior to the institution of this lawsuit, Ms. Shanna Warren filed a charge with the U.S. Equal Employment Opportunity Commission (EEOC) and the Wyoming Department of Workforce Services, Fair Labor Standards, alleging violations of Title VII and the Equal Pay Act (EPA) and related discrimination by Conocophillips.

32.     The EEOC provided Conocophillips with notice of the charge.

33.     Over one hundred eighty (180) days after Plaintiff filed her charge, the U.S. Equal Employment Opportunity Commission issued a right to sue notice authorizing this lawsuit, a true and correct copy of which is attached hereto as Exhibit 1 and incorporated by this reference.

**STATEMENT OF CLAIMS**

**FIRST CLAIM FOR RELIEF – TITLE VII SEVERE AND PERVASIVE SEXUAL HARASSMENT, GENDER DISCRIMINATION AND HOSTILE WORK ENVIRONMENT – 42 U.S.C. § 2000(e)-2(a)**

34.     The allegations contained in the foregoing paragraphs are incorporated herein by reference.

35.     Since Ms. Warren was hired by Conocophillips in June of 2018, Conocophillips has engaged in unlawful employment practices in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000(e)-2(a), by engaging in severe and pervasive harassment and creating an abusive work environment.

36.     Ms. Warren is female and protected by Title VII against discrimination because of her gender.

37.     Conocophillips discriminated against Ms. Warren based on her gender as described herein.

38.     The effects of the Defendant' practices, described above, have been to deprive Ms. Warren of equal employment opportunities and otherwise adversely affect her employment status because of her gender.

39.     The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Ms. Warren.

40.     As a direct and proximate result of Conocophillips's actions and inactions, Ms. Warren has suffered, and will continue to suffer, pain and suffering, and extreme and severe mental anguish and emotional distress, and she has suffered, and will continue to suffer, a loss of earnings and other employment benefits and job opportunities.  Ms. Warren is thereby entitled to general and compensatory damages in amounts to be proven at trial.

41.     As a further direct and proximate result of the Defendant' violation of her rights to due process, Ms. Warren has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with Defendant and has thereby incurred, and will continue to incur, legal fees and costs.  Plaintiff requests that attorneys' fees be awarded pursuant to 42 U.S.C. § 1988.

## SECOND CLAIM FOR RELIEF – RETALIATION AND/OR CONSTRUCTIVE DISCHARGE BECAUSE OF SEX – 42 U.S.C. § 2000e-2(a) and 42 U.S.C. § 2000e-3(a)

42.     The allegations contained in the foregoing paragraphs are incorporated herein by reference.

43.     In Ms. Warren' case, beginning on or about June of 2018, Conocophillips engaged in unlawful employment practices, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) and Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a) by retaliating against and constructively discharging Ms. Warren because of her sex.

44.     By asking her supervisors and manger for help and by asking them to address and stop the hostile work environment and sexual harassment, Ms. Warren engaged in protected activity and opposition to discrimination.

45.     After Ms. Warren reported the abusive and hostile work environment and asked for help, Conocophillips through its representatives and otherwise took materially adverse action towards Ms. Warren.

46.     There is a causal connection between Ms. Warren' protected activity and opposition to the discrimination and the materially adverse action and escalating actions by Conoco.

47.    The harassing and abusive actions by Conocophillips and the retaliation by Conoco continued to escalate.  In response to Ms. Warren' reports, the hostile environment and adverse actions worsened.

48.    At the time she was wrongfully suspended, discharged for reporting sexual harassment, and retaliated against for reporting, Ms. Warren was performing her work in a satisfactory manner.

49.    The retaliation by Conoco were sufficiently intolerable that a reasonable employee would have experienced them as retaliation.

50.    The unlawful employment practices described above were intentional.

51.    The unlawful employment practices of Conocophillips complained of herein were done with malice or with reckless indifference to the federally protected rights of Ms. Warren.

52.    As a direct and proximate result of Conocophillips's actions and inactions, Ms. Warren has suffered, and will continue to suffer, pain and suffering and extreme and severe mental anguish and emotional distress; Ms. Warren has suffered, and will continue to suffer, a loss of earnings and other employment benefits and job opportunities.  Ms. Warren is thereby entitled to general and compensatory damages in amounts to be proven at trial.

53.    As a further direct and proximate result of the Defendant' violation of her rights to due process, Ms. Warren has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with Defendant and has thereby incurred, and will continue to incur, legal fees and costs.  Plaintiff requests that attorneys' fees be awarded pursuant to 42 U.S.C. § 1988.

## THIRD CLAIM FOR RELIEF:  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

54. Plaintiff incorporates herein the allegations contained in the foregoing paragraphs of this Complaint by reference as if set forth fully herein.

55. As set forth herein, Conocophillips's conduct was extreme and outrageous;

56. The actions and conduct of Conocophillips and its agents, employees and representatives intentionally or recklessly caused Ms. Warren to suffer severe emotional distress and harm; and

57. As a result of the action and conduct of Conocophillips and its agents, employees and representatives, Ms. Warren suffered severe emotional distress.

58. Conocophillips and its agents, employees and representatives know that emotional distress would probably result from their conduct or they gave little or no thought to the probably effects of their conduct.

59. Specifically, as a result of the hostile work environment, discrimination, sexual harassment, abuse and outrageous conduct by Conocophillips and its agents, employees and representatives, Ms. Warren experienced suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, shame and the like.

60. Ms. Warren' emotional distress was severe.  It was not mild or brief.  She experienced distress so substantial and lasting that no reasonable person should be expected to bear it.

61. Several factors demonstrate that the conduct and actions of Conocophillips towards Ms. Warren were outrageous.

62. Conocophillips and those acting as its agents and representatives had greater power at the workplace than Ms. Warren did.  By creating and enabling an abusive, hostile and

outrageous workplace, Conocophillips and its agents and representatives abused their power over Ms. Warren. Their power over Ms. Warren enhanced their ability to do harm to Ms. Warren.

63.    The unwelcome comments and offensive conduct to Ms. Warren by Conocophillips and its representatives and agents was non-negligible verbal harassment.

64.    Conocophillips's conduct was further made outrageous by its retaliation towards her for opposing and reporting the sexual harassment and hostile work environment.

65.    As set forth above, Ms. Warren was subjected to sexual harassment, a hostile work environment, and retaliation for reporting the same.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Shanna Warren respectfully prays to this Court for the following:

A.    On Ms. Warren' claim for Title VII Severe and Pervasive Sexual Harassment and Hostile Work Environment, for a judgment ordering specific performance by Conocophillips, and for a judgment against Defendant and in favor of Ms. Warren for all of Ms. Warren' direct and consequential damages, including all lost future wages and damages, in an amount to be determined by a jury, plus interest; and

B.    On Ms. Warren' claim for Retaliation and Constructive Discharge Because of Sex, for a judgment ordering specific performance by Conocophillips, and for a judgment against Defendant and in favor of Ms. Warren for all of Ms. Warren' direct and consequential damages, including all lost future wages and damages, in an amount to be determined by a jury, plus interest; and

C.    On Ms. Warren' claim for Intentional Infliction of Emotional Distress, for a judgment against Defendant finding that Defendant knowingly, purposefully, and intentionally

inflicted emotional distress upon Ms. Warren that caused harm to Plaintiff, and Plaintiff was damaged by Defendant' misconduct in an amount greater than and beyond her general, compensatory, and consequential damages to be proven at trial, as well as punitive damages in an amount sufficient to punish Defendant and to deter future conduct like that exhibited by Defendant, such that other persons will be deterred from such conduct as well as the Defendant; and

D.      Order Conocophillips to pay Ms. Warren punitive damages for its malicious conduct or reckless indifference to Ms. Warren' federally protected rights, as described above, in amounts to be determined at trial; and

E.      On all her claims, award Ms. Warren compensatory damages, back pay, and front pay in an amount to be determined by the jury; and

F.      Grant injunctive relief; and

G.      Award attorney and expert witness fees as allowed by statute; and

H.      Award pre-judgment interest at the maximum legal rate; and

I.      Award interest on the judgment at the maximum legal rate; and

J.      Award costs of suit herein; and

K.      Grant such further relief as the Court deems necessary and proper.

## **<u>JURY DEMAND</u>**

Plaintiff, by and through her counsel, pursuant to Federal Rule of Civil Procedure 38, hereby requests that this matter be tried to a jury of six.

RESPECTFULLY SUBMITTED this 27th day of September, 2021.

THE RICHARD LAW FIRM, P.C.

_____/s/_____

Andrea L. Richard
Wyoming State Bar No. 5-2848
P.O. Box 1245
290 E. Broadway, Suite 904
Jackson, Wyoming 83001
Tel. 307.732.6680
Fax 307.200.4280
andrea@arichardlaw.com

*Attorney for Plaintiff*